RP-2018-362993

08/09/2018   ER   $120.00

Page 1 of 28   Friday, May 19, 2023

County Clerk Harris County, Texas

## DEED OF TRUST AND SECURITY AGREEMENT

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

Date:   _August 8, 2018_

Grantor, whether one of more: **BDFI LLC**

Grantor(s) Mailing Address:  **1614 Sidney Baker Street, Kerrville, Texas 78028**

Trustee:   **Geoffrey D. Greenwade**

Trustee's Mailing Address: **4000 Greenbriar, Houston, Texas 77098**

Beneficiary:   **Green Bank, N.A.**

Beneficiary's Mailing Address:   **4000 Greenbriar, Houston, Texas 77098**

Promissory Note (Note):

Date:   **March 9, 2018**

Amount:   As provided by the Note.

Maker:   **BDFI LLC**

Payee:   **Green Bank, N.A.**

Terms of Payment:   As provided in the Note.

Guarantors:   **None**

**Property (including any improvements):**

In order to secure the payment, performance and observance of all indebtedness owed Beneficiary by Maker or any guarantor of such indebtedness and the obligations of Grantor hereinafter set forth, including but not limited to the Note described above ("Indebtedness"), Grantor has granted and conveyed, and does hereby mortgage, grant, warrant, assign, convey, pledge and set over unto the Trustee, **IN TRUST, WITH POWER OF SALE**, all of the following described land and interests in land, estates, easements, rights, improvements, property, fixtures, equipment, furniture, furnishings, appliances and appurtenances (hereinafter collectively referred to as the "Property"):

-1-

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

**Exhibit C**   1/29



(a)      All those certain tracts, or parcels of land more particularly described in **Exhibit "A"** attached hereto and by this reference made a part hereof (hereinafter referred to as the "Land").

(b)      All buildings, and improvements of every nature whatsoever now or hereafter situated on the Land.

(c)      All construction materials, vaults, gas, electric and other utility fixtures, radiators, heaters, engines, machinery, boilers, ranges, elevators, plumbing and heating fixtures, draperies, carpeting and other floor coverings, fire extinguishers and any other safety equipment, washers, dryers, water heaters, water fountains, mirrors, mantels, air conditioning apparatus, refrigerating plants, refrigerators, cooking apparatus and appurtenances, window screens, awnings and storm sashes, which are or shall be attached to said buildings, structures or improvements and all other furnishings, furniture, goods which are or are to become fixtures, machinery, equipment,  inventory, supplies, appliances, and tangible personal property of every kind and nature whatsoever now or hereafter owned by Grantor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Property, and all attachments, additions, improvements, after-acquired property, renewals, proceeds and replacements of any of the foregoing and all the right, title and interest of Grantor in any of the foregoing property which is subject to or covered by any conditional sales contract, chattel mortgage or similar lien or claim, together with the benefit of any deposits or payments now or hereafter made by Grantor or on behalf of Grantor, all of which are hereby declared and shall be deemed to be fixtures and accessions to the freehold and a part of the Property as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by this Deed of Trust.

(d)      All now owned or hereafter acquired easements, rights-of-way, strips, gores of land, streets, ways, alleys, passages, sewer rights, waters, water courses, water rights and powers, all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances whatsoever, in any way belonging, relating or appertaining to the Property or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, and the reversions, remainders, rents, issues, profits, revenues, accounts, contract rights and general intangibles of or arising from the Property (including without limitation all payments under room occupancy agreements, all leases or tenancies, proceeds of insurance, prepaid insurance premiums, condemnation payments, tenant security deposits, escrow funds and payments from motel guests), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law, as well as in equity, of Grantor of, in and to the same.

RP-2018-362993

-2-

**Exhibit C**                                   2/29

County Clerk Harris County, Texas

RP-2018-362993

(e)     Any and all leases, subleases, rental agreements, occupancy agreements, licenses, concessions, entry fees, other agreements which grant a possessory interest in all or any part of the Property, together with all rents, issues, profits, revenues, proceeds, awards, accounts, security deposits and other benefits now or hereafter arising from the use and enjoyment of the Property or any part thereof.

(f)     All plans and specifications for development of or construction of improvements on the Property; all contracts and subcontracts relating to the construction of improvements on the Property; all accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property; all permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property; all proceeds payable or to be payable under each policy of insurance relating to the Property; and all products and proceeds of the foregoing.

(g)     All of Grantor's right, but not the obligations, in and to, (1) all wastewater discharge capacity attributable or allocable to all or any portion of the Land, (2) all permits, licenses, franchises, certificates and other rights and privileges obtained in connection with the Property (including, without limitation, any form of reservation for utility capacity that may be granted by an governmental subdivision, (3) all proceeds (including premium refunds) of each policy of insurance relating to the Land or the Property, (4) all rights to reimbursement and other amount due from any municipal utility district, and (5) all other interests of every kind and character that Grantor now has or at any time hereafter acquires in and to the Land and/or Property and all property that is used or useful in connection therewith, including rights of ingress and egress and all reversionary rights or interest of Grantor with respect to same.

**Prior Lien(s) (including recording information):**  None

**Other Exceptions to Conveyance and Warranty:**  None

     **TO HAVE AND TO HOLD** the Property, with all privileges and appurtenances thereunto belonging, unto the Trustee, forever.  Grantor covenants that Grantor is lawfully seized and possessed of the Property as aforesaid, and has all requisite right and authority to convey the same, that the same is unencumbered and by this reference made a part hereof, and that Grantor does warrant and will forever defend the title thereto to the Trustee and the Beneficiary against the claims of all persons whomsoever.

**Grantor's Obligations**

Grantor agrees to:

1.     **Payment of Indebtedness.**  Maker will pay the Note according to the terms thereof and all other sums now or hereafter secured hereby promptly as the same shall become due.

G:\JD\4213-291 BDFI, LLC\Final\DOT.doc

Exhibit C                    3/29



RP-2018-362993

2. **Taxes, Liens and Other Charges.**

(a)    In the event of the passage of any state, federal, municipal or other governmental law, order, rule or regulation, subsequent to the date hereof, in any manner changing or modifying the laws now in force governing the taxation of the Indebtedness or this Deed of Trust or the manner of collecting taxes so as to adversely affect the Beneficiary (exclusive of any tax of Beneficiary's net income), Grantor will promptly pay any such tax. If Grantor fails to make such prompt payment or if, in the opinion of the Beneficiary, any such state, federal, municipal, or other governmental law, order, rule or regulation prohibits Grantor from making such payment or would penalize the Beneficiary if Grantor makes such payment or if, in the opinion of the Beneficiary, the making of such payment might result in the imposition of interest beyond the maximum amount permitted by applicable law, then the entire balance of the principal sum secured by this Deed of Trust and all interest accrued thereon shall, at the option of the Beneficiary, become immediately due and payable.

(b)    Grantor will pay (to the extent same are not paid from the escrowed funds provided for herein), before the same become delinquent, all taxes, liens, assessments and charges of every character including all utility charges, now or hereafter levied or assessed upon the Property; and upon demand will furnish the Beneficiary receipted bills evidencing such payment. Grantor shall furnish proof, satisfactory in form and substance to Beneficiary, of such payment. Grantor shall not authorize any person or entity to pay current or delinquent ad valorem taxes due or to become on the Property if such person or entity to receive a transfer of tax lien under Section 32.06 of the Texas Tax Code (as it may be amended or modified). In the event any transfer of a tax lien is executed by a tax collector pursuant to Section 32.06 of the Texas Tax Code (as it may be amended or modified) with respect to the Property, Grantor shall, within ten (10) days of the date written notice is sent from Beneficiary to Grantor, fully and finally pay the transferee of said tax lien the entirety of all principal, interest and expenses (whether or not then due and payable, or to become due and payable) owing to said transferee with respect to said transferred tax lien, and deliver proof, satisfactory in form and substance to Beneficiary, of such payment, along with a signed and notarized release of said tax lien executed by said transferee. If Grantors fail to pay any taxes and assessments (including interest, penalties, costs and expenses) against the Property, enters into a tax lien loan to any person or entity, allows any person or entity, to receive a transfer of an ad valorem tax lien, of defers the payment of taxes or assessments, Beneficiary may in Beneficiary's sole discretion, in addition to Beneficiary's other rights as provided herein, elect to advance and pay the same at Grantor's expense.

-4-

**Exhibit C**



RP-2018-362993

(c)    Grantor will not suffer or permit any mechanic's, materialman's, laborer's, statutory or other lien to remain outstanding upon all or any part of the Property.

(d)    Grantor, at its expense, may contest, after prior written notice to Beneficiary, by appropriate legal proceedings conducted in good faith and with due diligence, the amount, validity or application, in whole or in part, of any taxes, liens, assessments or charges levied or assessed upon the Property or any mechanic's, materialman's, laborer's, statutory or other lien filed against the Property, so long as such proceedings operate to prevent the collection or other realization thereon, the sale or forfeiture of the Property or any part thereof to satisfy the same or the impairment of Beneficiary's lien; provided that (i) during such contest the Grantor shall, at the option of the Beneficiary, provide Beneficiary with security satisfactory to Beneficiary, assuring the payment of the Indebtedness and of any additional interest charge, penalty or expense arising from or incurred as a result of such contest, and (ii) if at any time payment of any obligation imposed upon the Grantor under this Paragraph shall become necessary to prevent the sale or forfeiture of the Property or any part thereof to satisfy the same, then Grantor shall pay the same in sufficient time to prevent sale or forfeiture.

3.    **Insurance.** Grantor agrees to keep the Property insured against loss or damage by fire and other casualty with extended coverage and against any other risks or hazards which in the opinion of Beneficiary should be insured against, and in any case against all risks which persons engaged in the same business as is carried on at the Property customarily insure against, with the minimum amount of said insurance to be no less than the amount of the Note. Grantor shall also carry insurance against the risk of rental or business interruption at the Property, in an amount deemed satisfactory by Beneficiary. If flood insurance is required pursuant to the Secretary of Housing and Urban Development, the Federal Emergency Management Agency, or by such other official or agency as shall from time to time be authorized by federal or state law to make such designation pursuant to the National Flood Insurance Act of 1968 or the Flood Disaster Protection Act of 1973, as such Acts may, from time to time, be amended and in effect, or pursuant to any other national or state program of flood insurance or otherwise, then same shall be provided by Grantor. All of such insurance shall be placed with a company or companies and in such form and with such endorsements as may be approved or required by Beneficiary. Loss under all such insurance policies shall be endorsed with a standard, non-contributory Beneficiary's clause in favor of Beneficiary. Grantor shall also carry public liability insurance, in such form, amount and with such companies as Beneficiary may from time to time require, naming Beneficiary as an additional insured. The policy or policies evidencing all insurance referred to in this paragraph and receipts for the payments of premiums thereon shall be delivered to and held by Beneficiary. All such insurance policies shall contain a provision requiring at

-5-

**Exhibit C**    **5/29**

RP-2018-362993

least thirty (30) days notice to Beneficiary prior to any cancellation or modification. Grantor shall give Beneficiary satisfactory evidence of renewal of all such policies with premiums paid at least fifteen (15) days before expiration. Grantor agrees to pay all premiums on such insurance as they become due, and will not permit any condition to exist on or with respect to the Property which would wholly or partially invalidate any insurance thereon. If Grantor defaults in the insurance requirements provided herein, whether by payment or otherwise or any part thereof or in assigning and delivering the policies, at its option, Beneficiary may affect such insurance from year to year, or as needed, at its discretion and pay the premiums therefor, and any such sums advanced by Beneficiary, shall bear interest and shall, at the option of Beneficiary, either be paid by Grantor to Beneficiary upon demand or added to the principal portion of the Note  and in either case shall be secured hereby. Beneficiary shall not by the fact of approving, disapproving, accepting, preventing, obtaining or failing to obtain any such insurance, incur any liability for the form or legal sufficiency or absence of insurance contracts, solvency of insurers, or payment of losses, and Grantor hereby expressly assumes full responsibility therefor and all liability, if any, thereunder. Effective upon any default hereunder, all of Grantor's right, title and interest in and to all such policies and any unearned premiums paid thereon are hereby assigned to Beneficiary, which shall have the right, but not the obligation, to assign the same to any purchaser of the Property at any foreclosure sale or other disposition thereof. The requirements of Beneficiary for insurance under the provisions of this paragraph may be modified or amended in whole or in part by Beneficiary, in its reasonable discretion, and Grantor agrees, upon any expiration or any existing policy or policies of insurance, to provide a replacement policy or policies which shall meet such amended or modified insurance standards. In the event of a loss, Grantor shall give immediate written notice to the insurance carrier and Beneficiary. Grantor hereby appoints Beneficiary as its attorney-in-fact for the purposes hereinafter set out, and authorizes and empowers Beneficiary, at Beneficiary's option and in Beneficiary's sole discretion as attorney-in-fact for Grantor, to make proof of loss, to adjust and prosecute any action arising from such insurance policies, to collect and receive insurance proceeds, and to deduct therefrom Beneficiary's expenses incurred in the collection of such proceeds. Grantor understands and agrees that the power of attorney hereby granted to Beneficiary is a power coupled with an interest and is irrevocable until Beneficiary's interest hereunder is terminated by the payment and performance of all of Grantor's obligations and indebtedness secured hereby. Grantor further authorizes Beneficiary, at Beneficiary's option, (a) to hold all or any portion of such proceeds to be used to reimburse Grantor for the costs of reconstruction or repair of the Property, or (b) to apply all or any portion of such proceeds to the payment of the sums secured by this Deed of Trust, whether or not then due. In the event Beneficiary elects to require repair, restoration or rebuilding as provided herein, Grantor shall deposit with Beneficiary any funds which may be required for such repair, restoration or rebuilding in excess of the net insurance proceeds received, which funds shall be deposited with Beneficiary and held and disbursed by Beneficiary, together with

-6-

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

**Exhibit C**                                                                 **6/29**



the net insurance proceeds received, in accordance with the usual practices of Beneficiary or other lenders making construction loans. In the event Beneficiary elects to require repair, restoration or rebuilding hereunder, within thirty (30) days after notice to Grantor of such election Grantor shall deliver to Beneficiary plans and specifications for such rebuilding, restoration or repair acceptable to Beneficiary, which acceptance shall be evidenced by Beneficiary's written consent thereto, and Grantor shall thereafter commence the rebuilding, restoration or repair and complete the same, all in substantial accordance with the plans and specifications, within four (4) months after the date of the damage or destruction. In the event Beneficiary elects to require rebuilding, restoration or repair hereunder and Grantor fails to comply with the requirements of this Deed of Trust with respect thereto, Beneficiary may demand the entire outstanding balance of the principal sum secured by this Deed of Trust and all interest accrued thereon and demand immediate payment of all of such indebtedness, and may apply the net insurance proceeds received, to the payment of all of such indebtedness. If the insurance proceeds are applied to the payment of the sums secured by this Deed of Trust, any such application of proceeds to principal shall be in such order as Beneficiary may determine and, if after so applying such insurance proceeds Beneficiary reasonably determines the remaining security to be inadequate to secure the remaining indebtedness, Grantor shall upon written demand from Beneficiary prepay on principal such an amount as will reduce the remaining indebtedness to a balance for which adequate security is present.

4.    Intentionally deleted.

5.    **Condemnation and Other Awards.** If the Property or any part thereof is taken or diminished in value, or if a consent settlement is entered, by or under threat of such proceeding, the award or settlement payable to Grantor by virtue of its interest in the Property shall be, and by these presents is, assigned, transferred and set over unto, and to be held by Beneficiary subject to the lien and security interest of this Deed of Trust, and disbursed at Beneficiary's option, (a) to hold all or any portion of such proceeds to be used to reimburse Grantor for the costs of reconstruction or repair of the Property, or (b) to apply all or any portion of such proceeds to the payment of the sums secured by this Deed of Trust, whether or not then due. In the event Beneficiary elects to require repair, restoration or rebuilding as provided herein, Grantor shall deposit with Beneficiary any funds which may be required for such repair, restoration or rebuilding in excess of the net funds received in respect of the taking or diminution in value, in accordance with usual practices of Beneficiary or other lenders making construction loans. In the event Beneficiary elects to require repair, restoration or rebuilding hereunder, within thirty (30) days after notice to Grantor of such election Grantor shall deliver to Beneficiary plans and specifications for such rebuilding, restoration or repair acceptable to Beneficiary, which acceptance shall be evidenced by Beneficiary's written consent thereto, and Grantor shall thereafter commence the rebuilding, restoration or repair and complete same, all in substantial accordance with the plans and specifications, within four (4) months after the date of the

-7-

**Exhibit C**          **7/29**

taking of diminution in value. In the event Beneficiary elects to require rebuilding, restoration or repair hereunder and Grantor fails to comply with the requirements of this Deed of Trust with respect thereto, Beneficiary may demand the entire outstanding balance of the principal sum secured by this Deed of Trust and all interest accrued thereon and demand immediate payment of all of such indebtedness, and may apply the net funds received in respect of the taking or diminution in value to the payment of such indebtedness. If the proceeds are applied to the payment of the sums secured by this Deed of Trust, any such application of proceeds to principal shall be in such order as Beneficiary may determine and, if after so applying such proceeds Beneficiary reasonably determines the remaining security to be inadequate to secure the remaining indebtedness, Grantor shall upon written demand from Beneficiary prepay on principal such an amount as will reduce the remaining indebtedness to a balance for which adequate security is present. Any award for the Land shall be paid solely to the Beneficiary.

6.  **Care of Property.**

(a)  Grantor will keep the buildings, parking areas, roads and walkways, recreational facilities, landscaping and all other improvements of any kind now or hereafter erected on the Land or any part thereof, and the fixtures, furnishings and equipment therein and thereon, in good condition and repair, will not commit or suffer any waste and will not do or suffer to be done anything which will increase the risk of fire or other hazard to the Property or any part thereof.

(b)  Grantor will not remove or demolish or alter the structural character of any improvement located on the Land without the written consent of the Beneficiary.

(c)  If the Property or any part thereof is damaged by fire or any other cause, Grantor will give immediate written notice thereof to the Beneficiary.

(d)  The Beneficiary, Trustee or their respective representatives are hereby authorized to enter upon and inspect the Property at any time during normal business hours or, upon an occurrence of an Event of Default, at any time.

(e)  Grantor will promptly comply with all present and future laws, ordinances, rules and regulations of any governmental authority affecting the Property or any part thereof. Grantor will deliver to the Beneficiary within ten (10) days after Grantor's receipt thereof copies of any additional governmental permits or approvals or disapprovals or notices issued with regard to the Property or any portion thereof.

-8-

RP-2018-362993

Exhibit C                    8/29

7.   **Leases and Other Agreements Affecting Property.**  Grantor will duly and punctually perform all terms, covenants, conditions and agreements binding upon it under any lease, sublease, rental agreement, occupancy agreement or any other agreement of any nature whatsoever which involves or affects the Property or any part thereof.  Grantor will furnish the Beneficiary with executed copies of all leases, subleases, rental agreements or occupancy agreements now or hereafter created upon the Property or any part thereof.  Grantor will not without the express written consent of the Beneficiary, enter into any lease, sublease or occupancy agreements with respect to the Property or any portion thereof. Grantor will not, without the express written consent of the Beneficiary, terminate or modify either orally or in writing, any lease, sublease, rental agreement or occupancy agreement now existing or hereafter created upon the Property or any part thereof, nor will Grantor permit any assignment or a subletting by any Tenant without the prior express written consent of the Beneficiary.

8.   **Security Agreement and Fixture Filing.**  Insofar as (i) any of the Property and, (ii) all other personal property either referred to or described in this Deed of Trust, or in any way connected with the use or enjoyment of the Property (hereinafter all collateral as defined herein shall be collectively referred to as "Collateral") this Deed of Trust, in compliance with the provisions of the Uniform Commercial Code as enacted in the State of Texas as it may be amended from time to time (the "UCC"), is hereby made and declared to be: (x) a security agreement, encumbering the Collateral and (y) a fixture filing.  Grantor does hereby grant to the Beneficiary a continuing lien and security interest in and to all of said Collateral and all replacements, substitutions, additions and proceeds thereof and all after-acquired property relating thereto.  A financing statement or statements may be filed.  Grantor covenants and agrees that, prior to changing its name, identity or structure, it will so notify the Beneficiary and will promptly execute any financing statements or other instruments deemed necessary by the Beneficiary to prevent any filed financing statement from becoming seriously misleading or losing its perfected status.  The remedies for any violation of the covenants, terms and conditions of the security agreement herein contained shall be (i) as prescribed herein, or (ii) as prescribed by general law, or (iii) as prescribed by the specific statutory consequences now or hereafter enacted and specified in the UCC, all at the Beneficiary's sole election.  Grantor and the Beneficiary agree that the filing of such financing statement(s) in the records normally having to do with personal property shall never be construed in anywise derogating from or impairing this declaration and hereby stated intention of Grantor and the Beneficiary that everything used in connection with the production of income from the Property, adapted for use therein, and/or which is described in the Deed of Trust, is, and at all times and for all purposes and in all proceedings both legal or equitable shall be, regarded as part of the real estate irrespective of whether (a) any such item is physically attached to the improvements, (b) serial numbers are used for the better identification of certain items capable of being thus identified in a recital contained herein, or (c) any such item is referred to or reflected in any such financing statement(s) so filed at any

Exhibit C                    9/29

time.  Similarly, the mention in any such financing statement(s) of the rights in and to (aa) the proceeds of any insurance policy relating to the Property, or (bb) any award in eminent domain proceedings for a taking or for loss of value, or (cc) Grantor's interest as lessor in any present or future lease, sublease, or rights to income growing out of the use and/or occupancy of the Property, whether pursuant to lease, sublease, or otherwise, shall never be construed as in anywise altering any of the rights of the Beneficiary as determined by this instrument or impugning the priority of the Beneficiary's lien granted hereby or by any other recorded document, but such mention in such financing statement(s) is declared to be for the protection of the Beneficiary in the event any court shall at any time hold with respect to the foregoing (aa), (bb) or (cc), that notice of the Beneficiary's priority of interest to be effective against a particular class of persons, must be filed in the UCC records.  The information contained herein is provided in order that this Deed of Trust shall comply with the requirements of the UCC for instruments to be filed as financing statements.  The "Debtor" is the Grantor hereunder; the "Secured Party" is the Beneficiary herein, the principal place of business of the "Debtor" is as set forth on Page 1 of this Deed of Trust, that mailing address of the "Debtor" and "Beneficiary" are as set forth on Page 1 of this Deed of Trust, the types or items of collateral are as described hereinabove, and the Grantor is the record owner of the Land.

**Beneficiary's Rights**

1.  If, for any reason, Beneficiary prefers to appoint a substitute Trustee hereunder, Beneficiary may, from time to time, by written instrument, appoint substitute Trustees, who shall succeed to all the estate, rights, powers, and duties of the original Trustee named herein.  Such appointment may be executed by anyone acting in a representative capacity, and such appointment shall be conclusively presumed to have been executed with appropriate authority.

2.  If the proceeds of the Note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.

3.  Beneficiary may apply any proceeds received under any insurance policy either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy.

4.  If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the Note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the Note for matured, unpaid amounts.  The sum to be reimbursed shall be secured by this deed of trust.

5.  If Maker defaults on the Note or Grantor fails to perform any of Grantor's obligations or if default occurs on a prior lien Note or other instrument, Beneficiary may:

    a.  declare the unpaid principal balance and earned unpaid interest on the Note immediately due;

RP-2018-362993

-10-

**Exhibit C**          **10/29**

RP-2018-362993

b.  request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code, as then amended;

c.  purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note; and/or

d.  take any other action allowed herein or by law.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1.  Either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code, as then amended;

2.  sell and convey all or part of the Property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.  from the proceeds of the sale, pay, in this order:

    a.  expenses of foreclosure, including a commission to Trustee of 5% of the bid;

    b.  to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.  any amounts required by law to be paid before payment to Grantor; and

    d.  to Grantor, any balance.

4.  **EXCEPT FOR GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, TRUSTEE SHALL NOT BE LIABLE FOR ANY ACT OR OMISSION OR ERROR OF JUDGMENT. TRUSTEE MAY RELY ON ANY DOCUMENT BELIEVED BY HIM IN GOOD FAITH TO BE GENUINE. ALL MONEY RECEIVED BY TRUSTEE SHALL, UNTIL USED OR APPLIED AS HEREIN PROVIDED, BE HELD IN TRUST, BUT NEED NOT BE SEGREGATED (EXCEPT TO THE EXTENT REQUIRED BY LAW), AND TRUSTEE SHALL NOT BE LIABLE FOR INTEREST THEREON. GRANTOR HEREBY INDEMNIFIES TRUSTEE AGAINST ALL LIABILITY AND EXPENSES THAT HE MAY INCUR IN THE PERFORMANCE OF HIS DUTIES HEREUNDER.**

**Environmental Provisions**

1.  Grantor warrants that to the best of its knowledge, as of the date of this Deed of Trust:

(a) No hazardous substances are present or contained on, in, or under the Property.

(b) Grantor does not know and has no reason to know that any hazardous substance is used, manufactured, handled, created, stored, treated, discharged, released, buried, or transported to or from the Property.

(c) At no time during the period that Grantor has owned the Property has Grantor allowed any hazardous substance to be present, contained, used, manufactured,

-11-

Exhibit C                                  11/29



RP-2018-362993

handled, created, stored, treated, discharged, released, or buried on the Property or transported to or from the Property.

(d) The Property is in compliance with the terms, conditions, and requirements of all applicable federal, state, and local laws, ordinances, and regulations concerning hazardous substances.

2.   As of the date of this Deed of Trust:

(a)   Grantor is not aware of any pending or threatened proceedings, including lawsuits, arbitrations, and administrative hearings, instituted by a private party or by a governmental entity concerning any hazardous substance alleged to be or to have been present, contained, used, manufactured, handled, created, stored, treated, discharged, released, or buried on the Property or transported to or from the Property.

(b) Grantor has not been contacted, and has no reason to believe that any contact will be made, by any representative of a federal, state, or local governmental agency concerning any matter having to do with a hazardous substance on the Property, including, but not limited to, the presence, containment, use, manufacture, handling, creation, storage, treatment, discharge, release, or burial on the Property or the transportation to or from the Property.

3.   At no time during the period that Grantor has owned the Property, and to Grantor's knowledge, at no earlier time, were any agreements, stipulations, or settlements of any kind entered  into between the owner of the Property and any private or public entity relating to any hazardous substance on the Property, including, but not  limited to, the presence, containment, use, manufacture, handling, creation,  storage, treatment, discharge, release, or burial on the Property or the  transportation to or from the Property of any hazardous substance.

4.   Grantor agrees to indemnify, defend, and hold Beneficiary harmless against all claims, damages, and liabilities of whatever nature, foreseen or unforeseen, under any Hazardous Substance Laws, including but not limited to the following:

(a) All fees incurred in defending any action or proceeding brought by a public or private entity and arising from the  presence, containment, use, manufacture, handling, creation, storage, treatment, discharge, release, or burial on the Property or the transportation to or from the Property of any hazardous substance. The fees for which the Grantor shall be responsible under this subparagraph shall include, but shall not be limited to, the fees charged by (i) attorneys, (ii) environmental consultants, (iii) engineers, (iv) surveyors, and (v) expert witnesses.

(b) Any loss attributable to (i) the breach or failure of any warranty or representation made by Grantor in this Agreement, or (ii) any cleanup, detoxification, remediation, or other type of response action taken with respect to any hazardous substance on or under the property regardless of whether or not that action was mandated by the federal, state, or local government.

5.   For purposes of this Deed of Trust, the term "hazardous substance" shall be interpreted to mean:

(a) Any substance, product, waste, or other material of any nature that is or becomes listed, regulated, or addressed under one or more of the following "Hazardous Substance Laws": (i) The Comprehensive Environmental Response, Compensation, and Liability Act, referred to as "CERCLA," in Sections 9601 et

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

**Exhibit C**          **12/29**

seq. of Title 42 of the United States Code. (ii) The Hazardous Materials Transportation Act, in Sections 1801 et seq. of Title 49 of the United States Code. (iii) The Resource Conservation and Recovery Act, referred to as "RCRA," in Sections 6901 et seq. of Title 42 of the United States Code. (iv) The Clean Water Act in Sections 1251 of Title 33 of the United States Code. (v) The Hazardous Substances Act, referred to as "HSA," in Sections 1261 et seq. of Title 15 of the United States Code. (vi) The Injection Well Act, in Texas Water Code Sections 27.001 et seq. (vii) The Comprehensive Municipal Solid Waste Management, Resource Recovery, and Conservation Act, in Texas Health and Safety Code Sections 361.001 et seq. (viii) The Hazardous Substances Act, in Texas Health and Safety Code Sections 501.001 et seq. (ix) The Water Quality Control Act, in Texas Water Code Sections 26.001 et seq. (x) The Texas Solid Waste Disposal Act, in Health and Safety Code Sections 361.001 et seq. (xi) Any other federal or state law or local ordinance or other rule concerning hazardous, toxic, or dangerous substances, wastes, or materials.

(b) Any substance, product, waste, or other material that may give rise to liability under any of the laws designated in subparagraph (a) or under any other statutory or common law tort theory.

(c) Crude oil products, including petroleum.

(d) Asbestos.

(e) Polychlorinated biphenyl.

(f) Fossil fuel combustion wastes, including fly ash waste, bottom ash waste, slag waste, and flue gas emission control waste.

(g) Solid wastes resulting from the extraction and processing of ore.

(h) Cement kiln dust wastes.

6.    Grantor grants to Trustee all present and future assignable common law or statutory (including federal, state, or local) claims, causes of action, and rights of recovery, indemnity, or contribution concerning the Property that Grantor is entitled, either at present or in the future, to assert against any individual or business entity that has done any of the following:

(a) Conducted an environmental audit of the Property.

(b) Issued any survey report or other type of study with respect to the condition of the property.

(c) Used, generated, manufactured, handled, stored, treated, discharged, released, or buried any hazardous substance, as defined herein on or under the Property.

(d) Transported any hazardous substance, as defined herein onto or from the Property.

(e) Arranged for disposal, treatment, or transport of any hazardous substance, as defined herein onto or from the Property.

(f) Took any other act whatsoever having to do with any hazardous substance, as defined herein onto or from the Property.

7.    Grantor shall comply with all valid laws, ordinances, and regulations, whether state, federal, or municipal, applicable to the Property and its ownership, use, and operation, specifically, but not limited to:

(a) restrictions on the use of the property;

-13-

RP-2018-362993

County Clerk Harris County, Texas

(b) the Texas Solid Waste Disposal Act, Health and Safety Code Sections 361.001 et seq.;

(c) the Toxic Chemical Release Reporting Act, Health and Safety Code Sections 370.001 et seq.;

(d) the Comprehensive Environmental Response, Compensation, and Liability Act, 42 United States Code Sections 9601 et seq.; and

(e) the Resource Conservation and Recovery Act, 42 United States Code Sections 6901 et seq.

(f) Grantor shall preserve and keep the Property in good repair at all times and shall make all repairs, and otherwise take all necessary steps to maintain the Property in a manner that will prevent any impairment in the value of the Property. Grantor will ensure that no waste remains on, in, or in the vicinity of the Property and that all waste is properly transported from the Property and appropriately disposed of.

(g) Grantor shall maintain complete books, records, and accounts for the Property at its offices designated as its mailing address herein or such other location as designated by Grantor in writing, and shall allow Trustee or his agents and/or representatives at all reasonable times, following reasonable prior notice to inspect the Property and all relevant books, records, notices, contracts, statements invoices, bills, claims or other documents relating to the Property and the Grantor's obligations hereunder and shall allow Trustee to make and retain copies of such documents.

8.  In the event of Grantor's default, Trustee shall have the power, in its sole discretion, to have an environmental assessment conducted on the Property, as follows:

(a) The environmental assessment shall be conducted by a qualified environmental consultant chosen by Trustee.

(b) The scope of the inquiries to be made in the environmental assessment, if any, shall be determined by the Trustee and the environmental consultant retained to conduct the assessment.

(c) The cost of any environmental assessment required under this section shall be paid by Grantor within thirty (30) days after Trustee submits the invoice, and any unpaid portion of such cost shall be added to the balance owed on the Note.

(d) Grantor shall cooperate fully, to the extent such information is available or known to Grantor, with all inquiries made  by the environmental consultant, including, but not limited to (i)  giving the environmental consultant reasonable access to the property within 24 hours following requests for such access; (ii) giving the environmental consultant access to interview persons aware of operations that have been conducted on the Property; (iii) giving the environmental consultant a description and quantification of all hazardous substances, as defined in herein generated, manufactured, refined, transported, treated, stored,  handled, or disposed on the Property since the date of this instrument; (iv) making all environmental permits and approvals, including but not limited to, air pollution control permits and pollution discharge elimination system permits, from all governmental or public agencies having jurisdiction of the Property or Grantor's operations on the Property, available to the consultant

-14-

RP-2018-362993

Exhibit C                                                              14/29



RP-2018-362993

for copying and/or for inspection at Grantor's offices,; (v) making all records kept by Grantor concerning releases of hazardous substances on the Property available to the consultant for copying and/or for inspection at Grantor's offices; and (vi) allowing the environmental consultant to take physical samples from the air, water, groundwater, soil, or subsoil on the Property for purposes of environmental testing.

(e) Nothing in this Paragraph shall be construed as limiting in any way the acts that may be performed by the environmental consultant in the conduct of the assessment.

**Clauses Regarding Americans with Disabilities Act**

1.   Grantor's Warranties. Grantor represents and warrants (which representations and warranties shall survive any foreclosure, or deed in lieu of foreclosure, of the Property and any satisfaction of the indebtedness and any release of this Deed of Trust) that to the best of knowledge of Grantor, after due investigation, all buildings and other improvements now situated on the Land are in compliance with those provisions of the Americans with Disabilities Act of 1990 (the "Act"), including any accessibility standards applicable as of the date of this Deed of Trust.

2.   Grantor's Covenants. Grantor covenants and agrees that any new construction upon the Land or any alterations to existing buildings and other improvements will satisfy the accessibility requirements of the Act. Further, Grantor covenants and agrees that any lease entered into from and after the date hereof, including any renewals of existing leases, will expressly provide that responsibility for compliance with all applicable provisions of the Act, including compliance with the accessibility standards, will be the obligation of Grantor.

3.   Regardless of whether any event of default shall have occurred and be continuing, or whether any remedies in respect of the Property are exercised by Beneficiary, Grantor shall defend, indemnify and hold harmless Beneficiary and Trustee from any and all liabilities (including strict liability, actions, demands, penalties, losses, costs or expenses, including, without limitation, attorney's fees and expenses) suits, cost of any settlement or judgment and claims of any and every kind whatsoever which may now or in the future (whether before or after the release of this Deed of Trust) be paid, incurred or suffered by or asserted against Beneficiary or Trustee by any person or entity or governmental agency for, with respect to, or as a direct or indirect result of, the application or enforcement, threatened or actual, of any state, federal or local statute or regulation, including the Act, covering but not limited to providing access to the Property and any improvements and removal of existing barriers to the Property and any improvements, regardless of whether any such liabilities, suits, costs or any settlement or judgment and claims are caused by or within the control of Grantor, Beneficiary, Trustee or other party. The representations, covenants, warranties and indemnifications contained in this section shall survive any foreclosure or deed in lieu of foreclosure of the Property and any satisfaction of the indebtedness

-15-

Exhibit C                                                    15/29

and release of this Deed of Trust.  For the purposes of this Section, the term "Beneficiary" shall include all subsequent owners or holders of any obligations secured by this Deed of Trust, all directors, officers, employees and agents of such entity and any person or entities owned or controlled by or affiliated with Beneficiary, and its or their directors, officers, employees and agents. Beneficiary's Right to Effect Compliance.  Beneficiary shall have the right but not the obligation, prior or subsequent to the occurrence of an event of default hereunder, without in any way limiting Beneficiary's other rights and remedies under this Deed of Trust, to enter onto the Property or to take such other actions as it deems necessary or advisable to effect compliance with the Act if Beneficiary in its sole discretion determines that failure to so act could jeopardize Beneficiary's security under this Deed of Trust.  All costs and expenses paid or incurred by Beneficiary in the exercise of any such rights shall be Indebtedness secured by this Deed of Trust and shall be payable by Grantor upon demand.

**General Provisions**

1.   If any of the property is sold by Trustee under a power of sale exercised pursuant to this deed of trust, Grantor shall immediately surrender possession to the purchaser.  If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.   Recitals in any Trustee's deed conveying the Property will be presumed to be true.

3.   Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.   This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property is released.

5.   If any portion of the Note is not and/or cannot be lawfully secured by this Deed of Trust, payments shall be applied first to discharge that portion.

6.   At any time any law shall be enacted imposing or authorizing the imposition of any tax upon this Deed of Trust, or upon any rights, titles, liens, or security interests created hereby, or upon the Note, or any part thereof, Grantor shall immediately pay all such taxes; provided that, if it is unlawful for Grantor to pay such taxes, Grantor shall prepay the Note in full without penalty within sixty (60) days after demand therefor by Beneficiary.

7.   Grantor hereby assigns to Beneficiary all rental payable under the Lease and each lease now or at any time hereafter existing ("Rental"), such assignment being upon the following terms, subject in any event to the requirements of Chapter 64 of the Texas Property Code (the "Assignment of Rents Act"): (a) until receipt from Beneficiary of notice of the occurrence of a default hereunder, each Lessee may pay Rental directly to Grantor, but after a Grantor defaults with respect to which Grantor has received property notice from Beneficiary in accordance with the Assignment of Rents Act, covenants to hold all Rental so paid in trust for the use and benefit of Beneficiary; (b) upon receipt from Beneficiary of notice that a default exists, each Lessee is hereby authorized and directed to pay directly to Beneficiary all Rental thereafter accruing; and the receipt of such Rental by Beneficiary shall be a release of such Lessee to the extent of all amounts so paid;

RP-2018-362993

County Clerk Harris County, Texas

-16-

**Exhibit C**          **16/29**



RP-2018-362993

(c) Rental so received by Beneficiary shall be applied by Beneficiary, first to the reasonable out-of-pocket expenses, if any, of collection and then in accordance with Section 7 hereof, except as otherwise required by the Assignment of Rents Act; (d) without impairing its rights hereunder, Beneficiary may, at its option, at any time and from time to time, release to Grantor Rental so received by Beneficiary, or any part thereof; (e) Beneficiary shall not be liable for its failure to collect, or its failure to exercise diligence in the collection of Rental, but shall be accountable only for Rental that it shall actually receive; and (f) the assignment contained in this Section 7 shall terminate upon the release of this Deed of Trust, but no Lessee shall be required to take notice of termination until a copy of such release shall have been delivered to such Lessee. As between Beneficiary and Grantor, and any persons claiming through or under Grantor, other than any Lessee who has not received notice of default pursuant to Section 7, the assignment contained in this Section 7 is intended to be absolute, unconditional and presently effective and the provisions of Section 7 are intended solely for the benefit of each Lessee and shall never inure to the benefit of the Grantor or any person claiming through or under Grantor, other than a Lessee who has not received such notice. It shall never be necessary for Beneficiary to institute legal proceedings of any kind whatsoever to enforce the provisions of this Section 7.

8.      This Deed of Trust shall be governed by and construed in accordance with Texas law and applicable federal law. The parties hereto intend to conform strictly to the applicable laws governing maximum interest rates permitted. In no event, whether by reason of demand for payment, prepayment, acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged or received by Beneficiary hereunder or otherwise exceed the maximum amount permitted under applicable law. If from any circumstance whatsoever interest would otherwise be payable to Beneficiary in excess of the maximum lawful amount, the interest payable to Beneficiary shall be reduced automatically to the maximum amount permitted by applicable law. If Beneficiary shall ever receive anything of value deemed interest under applicable law which would, apart from this provision, be in excess of the maximum lawful amount, an amount equal to the amount which would have been excessive interest shall be applied to the reduction of scheduled principal payments owing hereunder in inverse order of their maturities and not to the payment of interest, or if such amount which would have been excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Grantor. All interest paid or agreed to be paid to Beneficiary shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term (including any renewal or extension) of such indebtedness so that the amount of interest charged or paid on account of such indebtedness does not exceed the maximum permitted by applicable law. The provisions of this paragraph shall control all existing and future agreements between Grantor and Beneficiary. In determining whether interest of any kind paid or payable hereunder exceeds the highest rate, the undersigned and Beneficiary shall, to the maximum extent permitted under applicable law (a) characterize any non-principal payment as an expense, fee or premium, (b) exclude voluntary prepayments and the effects thereof and (c)

-17-

Exhibit C                    17/29

amortize, prorate, allocate and spread, in equal parts, the total amount of interest throughout the entire contemplated term of the indebtedness in order to render the interest rate uniform throughout such term. Without limiting the generality of the foregoing, the amount of any prepayment premium or penalty and the amount of any late payment fee or charge provided for herein or otherwise (whether or not the same are construed as interest under applicable laws) are limited to and shall never exceed an amount which, when added to all items called or deemed to be interest in connection with the transactions contemplated herein, does not exceed the maximum amount of interest payable on the principal balances involved under applicable law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9.    When the context requires, singular nouns and pronouns include the plural.

10.   The term Note includes all sums secured by this deed of trust.

11.   This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12.   If Grantor and Maker (as defined in the Note) are not the same person, the term Grantor shall include Maker.

13.   Grantor represents that this Deed of Trust and the Note are given for the following purposes:

**To secure funds advanced pursuant to the Note and secured by the Property.** To the extent that proceeds of the Note are used to pay any prior indebtedness secured by an outstanding lien, security interest, charge or prior encumbrance against the Property, such proceeds have been advanced by Beneficiary at Grantor's request; and Beneficiary shall be subrogated to any and all rights, powers, equities, liens and security interests owned or granted by any owner or holder of such prior indebtedness, irrespective of whether the prior security interests, liens, charges or encumbrances covering the Property are released of record.

14.   Without the prior written consent of Beneficiary, there shall be no drilling or exploring for or extraction, removal, or production of minerals from the surface or subsurface of the Land. The term "**minerals**" as used herein shall include, without limiting the generality of such term, oil, gas, casinghead gas, coal, lignite, hydrocarbons, methane, carbon dioxide, helium, uranium and all other natural elements, compounds and substances, including sand and gravel.

15.   Grantor agrees to allow Beneficiary or Beneficiary's agents to enter the property at reasonable times following reasonable prior notice and inspect it and any personal property in which Beneficiary is granted a security interest by this deed of trust.

16.   If, without Beneficiary's prior written consent, Grantor transfers, pledges, grants, conveys or hypothecates any part of the Property or any interest therein, voluntarily, involuntarily or by operation of law, without Beneficiary's prior written consent, Beneficiary may declare the unpaid principal balance and earned

RP-2018-362993

County Clerk Harris County, Texas

-18-



RP-2018-362993

unpaid interest on the Note immediately due and Beneficiary may avail itself of all rights, powers, and recourses allowed or permitted herein and/or by law.

17. Grantor expressly acknowledges a vendor's lien on the Property as security for the Note secured by this Deed of Trust. This Deed of Trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both.

18. Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

19. Grantors further agree that this deed of trust shall secure, in addition to the indebtedness and/or obligations described herein, the payment and performance of all other indebtedness and obligations of whatever kind and character, including any and all present and/or future debts, obligations, and liabilities (except solely any indebtedness which is prohibited from being secured hereby under any applicable law of the State of Texas or the United States of America), owing or which may hereafter become owing or to be performed by any one or more of the Grantors and/or any guarantors, and any other obligors to Beneficiary, whether individually or as a member of any partnership, joint venture, association, or other group, whether such indebtedness or obligations are evidenced by a note, open account, overdraft, endorsement, surety agreement, guaranty agreement, or otherwise, and whether such indebtedness or obligations are present or future, direct or indirect, primary or secondary, joint or several, fixed or contingent or otherwise, whether such indebtedness or obligations were originally owed to Beneficiary or to be performed for Beneficiary or owed to or to be performed for others and acquired by purchase or otherwise by any Beneficiary, and whether or not such indebtedness or obligations were created by any then owner of any interest in or to any of the Property, it being contemplated that one or more of the present or future Grantors or obligors may now or hereafter be or become indebted or obligated to Beneficiary in further sum or sums; and Grantors further agree that if any default ever occurs under any instrument, document or other writing whatsoever now or hereafter evidencing or securing any indebtedness now or hereafter secured by this deed of trust, then, in any such event, Beneficiary may, at its option, (without demand, notice of any such default or event, notice of intent to accelerate maturity, notice of acceleration of maturity, presentment for payment or acceleration or any other act or notice whatsoever), declare immediately due and payable any and all indebtednesses then secured hereby. This conveyance is made for the security and enforcement of: (1) the indebtedness evidenced by the Note, (2) all other indebtedness now owing by Maker and/or any and all guarantors, (3) any future indebtedness of Maker and/or any and all guarantors, (4) any indebtedness owing to said Beneficiary which is or will be guaranteed by Maker and/or any and all guarantors, and (5) any renewals, modifications and/or extensions of said indebtedness. In addition, any and all property acquired by Maker/Grantor after this date and all of the properties standing as security for the indebtedness under (1), (2), (3), (4) and (5), shall stand as security for the indebtedness secured hereby and for each such other indebtedness, to the same effect as if they were described and included herein and

-19-

Exhibit C    19/29

in the deeds of trust or other security agreements and/or loan agreements securing each such other indebtedness. Default in the terms of any note, deed of trust, loan agreement or security agreement described above or herein shall be an event of default and breach of covenant under all said notes, deeds of trust, loan agreement and security agreements and will give said Beneficiary the right to accelerate payment of all said indebtedness (unpaid principal, earned unpaid interest and other accrued charges) and to invoke all of its rights under the terms of all said notes, deeds of trust, construction loan agreements and/or security agreements. In no event shall this deed of trust secure payment of any debt described in or created pursuant to the Texas Consumer Credit Code, nor shall it create a lien otherwise prohibited by law. Grantor and any Maker waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, dishonor, notice of protest and notice of dishonor, to the extent permitted by law. The indebtedness secured hereunder includes any and all indebtedness now or hereafter owing to Beneficiary by each guarantor of any indebtedness now or hereafter owing by Grantors to Beneficiary.

20. Grantor represents to Beneficiary that no part of the Property is either the residential or business homestead of Grantor and the Grantor neither does, nor intends to reside in or conduct business on the Property. Grantor acknowledges that Beneficiary relies on the truth of the representations in this paragraph in making the loan secured by this Deed of Trust.

21. Any lien or encumbrance of whatever kind against the above described property which is inferior to the lien hereby created shall be subject to any renewal, extension or modification of the terms or provisions of this instrument or of the Note which it secures. It is agreed that the Beneficiary may at any time without notice, release portions of the Property from the lien of this Deed of Trust without affecting the personal liability of any person for the payment of said indebtedness then remaining unpaid and without affecting the lien of this Deed of Trust upon the remainder of said Property.

22. The Maker agrees that the sums evidenced by the Note and secured hereby are not for personal, family or household purposes, and that it is to be used primarily for business and commercial purposes.

23. It shall be a default hereunder if Beneficiary deems itself insecure as to the repayment of the indebtedness secured hereby or the adequacy and sufficiency of the Property as security for the Indebtedness.

24. It shall be a default hereunder if Beneficiary discovers that any statement, representation or warranty in the Note, this Deed of Trust or in any other document or instrument delivered to or relied upon by Beneficiary in connection with the Indebtedness is false, misleading or erroneous in any respect.

25. Grantor, at any time and from time to time, shall furnish promptly, upon request, a written statement or affidavit, in such form as may be required by Beneficiary, stating the unpaid balance of the Note and that there are no offsets or defenses against full payment of the Note and performance of the terms hereof, or if there are any such offsets and defenses, specifying them in reasonable detail.

26. To the best of Grantor's knowledge, if residential lots are to be or are ever developed, no portion of the Land upon which residential lots will be developed is

Exhibit C                    20/29



located within an area that has been designated or identified as an area having special flood hazards or flood prone characteristics by the Secretary of Housing and Urban Development, the Federal Emergency Management Agency, or by such other official or agency as shall from time to time be authorized by federal or state law to make such designation pursuant to the National Flood Insurance Act of 1968 or the Flood Disaster Protection Act of 1973, as such Acts may, from time to time, be amended and in effect, or pursuant to any other national or state program of flood insurance.

27.   Grantor expressly waives and renounces the benefit of all present and future laws providing for any appraisement before sale of any of the property covered by this Deed of Trust, commonly known as "appraisement laws", and all present and future laws extending in any manner the time for enforcement of collection of the indebtedness secured hereby, commonly known as "stay laws" and "redemption laws."

28.   Grantor understands and agrees that (i) Beneficiary's document retention policy may involve the imaging of executed loan documents, which includes but is not limited to any note, guaranty, deed of trust, security agreement, assignment, financing statement and any other document which evidences any indebtedness owed by Grantor to Beneficiary and/or secures such indebtedness and/or relates to the indebtedness and/or the collateral securing such indebtedness and the destruction of the paper original, including the original note and (ii) the Grantor waives, any rights and/or defenses that it may have to the use of such imaged copies of loan documents in the enforcement of any of Beneficiary's rights in a court of law or otherwise and/or as to any claim that such imaged copies of the loan documents are not originals.

29.   Except as otherwise provided herein, all notices, demands, requests, approvals and other communications required or permitted hereunder shall be in writing and shall be deemed to have been given when presented personally or three business days after being deposited in a regularly maintained mail receptacle of the United States Postal Service, postage prepaid, registered or certified, return receipt requested, or one business day after being transmitted by FedEx (or any other nationally recognized overnight courier service), addressed to Grantor at its address set forth in the first page of this Deed of Trust, or such other address as Grantor or Beneficiary may from time to time designate by written notice to the other as herein required.

30.   **GRANTOR SHALL DEFEND, AT ITS OWN COST AND EXPENSE, AND HOLD BENEFICIARY HARMLESS FROM, ANY PROCEEDING OR CLAIM IN ANY WAY RELATING TO THE PROPERTY OR THE LOAN INSTRUMENTS, UNLESS RESULTING FROM THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF BENEFICIARY. ALL COSTS AND EXPENSES INCURRED BY BENEFICIARY IN PROTECTING ITS INTERESTS HEREUNDER, INCLUDING ALL COURT COSTS AND ATTORNEYS' FEES AND EXPENSES, SHALL BE BORNE BY GRANTOR. THE PROVISIONS OF THIS PARAGRAPH SHALL SURVIVE THE PAYMENT IN FULL OF THE INDEBTEDNESS AND THE RELEASE OF THIS DEED OF TRUST AS TO EVENTS**

-21-

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

RP-2018-362993

Exhibit C    21/29

RP-2018-362993

**OCCURRING AND CAUSES OF ACTION ARISING BEFORE SUCH PAYMENT AND RELEASE, BUT NOT AS TO EVENTS OCCURRING SUBSEQUENT TO (A) THE DATE ON WHICH THE INDEBTEDNESS HAS BEEN PAID IN FULL AND THIS DEED OF TRUST HAS BEEN RELEASED; OR (B) THE DATE ON WHICH THE LIEN OF THIS DEED OF TRUST IS FULLY AND FINALLY FORECLOSED OR A CONVEYANCE BY DEED IN LIEU OF SUCH FORECLOSURE IS FULLY AND FINALLY EFFECTIVE AND POSSESSION OF THE PROPERTY HAS BEEN GIVEN TO BENEFICIARY OR OTHER TRANSFEREE OF TITLE TO THE PROPERTY.**

31.  Grantor shall not transfer, sell assign or convey either in whole or in part, other than to Beneficiary, any capacity for utilities which may be available to the Property.  This shall include, but not be limited to, any form of reservation which may be granted by any governmental subdivision.  Grantor acknowledges that without the availability of utilities to the Property the value of the collateral would be significantly diminished and that the credit being extended under the Indebtedness is based upon such availability.  This paragraph is not intended to interfere or conflict with the ordinary operation of Grantor's business.

32.  Grantor represents and warrants to Beneficiary that neither Grantor nor any other person has committed any act or omission, or has consented to any act or omission, with respect to the Property, which would afford the federal government or any state or local government the right or remedy of forfeiture of all or any part of the Property, and other collateral securing the Note or the Indebtedness described herein, or any property (including but not limited to money paid) delivered to Beneficiary or any other party in performance of Grantor's obligations arising in connection with the Indebtedness, or any interest or income, profits or proceeds of any of the property described in this sentence (hereinafter called the "Collateral" for the purposes of this section).  Grantor agrees not to engage in any act or permit any act or omission to exist which would afford the federal government or any state or local government the right or remedy of forfeiture of all or any part of the Collateral.  Without limiting the generality of the proceeding against Grantor or any other person liable on the Indebtedness, or against any of the Collateral or anyone having an interest in, or use or possession of any of the Collateral, which asserts or could afford the federal government or any state or local government the right or remedy to forfeit any such Collateral, constitutes, at Beneficiary's election, an event of default under this Deed of Trust and all Indebtedness described herein and secured hereby.  **GRANTOR SHALL PROTECT, INDEMNIFY AND HOLD HARMLESS BENEFICIARY, ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, SUCCESSORS AND ASSIGNS FROM AND AGAINST ANY AND ALL LOSS, DAMAGE, COST EXPENSE OR LIABILITY (INCLUDING ATTORNEYS' FEES AND COSTS) DIRECTLY OR INDIRECTLY ARISING OUT OF OR ATTRIBUTABLE TO ANY FAILURE OF THE REPRESENTATIONS OR BREACH OF ANY COVENANT OR AGREEMENT SET FORTH IN THIS SECTION.**

-22-

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

Exhibit C                    22/29

33. Grantor may and Beneficiary hereby consents to Grantor placing a Subordinate Deed of Trust (as defined herein) up to eight million dollars ($8,000,000.00) on the Property, subject to the prior approval by the Beneficiary of any such Subordinate Deed of Trust. Grantor shall not, without the prior written consent of Beneficiary, grant any lien, security interest, or other encumbrance (hereinafter called "**Subordinate Deed of Trust**") covering any of the Property. If Beneficiary consents to a Subordinate Deed of Trust or if the foregoing prohibition is determined by a court of competent jurisdiction to be unenforceable, any such Subordinate Deed of Trust shall contain express covenants to the effect that:

    (a) the Subordinate Deed of Trust is unconditionally subordinate to this Deed of Trust;

    (b) if any action (whether judicial or pursuant to a power of sale) shall be instituted to foreclose or otherwise enforce the Subordinate Deed of Trust, no tenant of any of the Leases shall be named as a party defendant, and no action shall be taken that would terminate any occupancy or tenancy without the prior written consent of Beneficiary;

    (c) Rents, if collected by or for the holder of the Subordinate Deed of Trust, shall be applied first to the payment of the Indebtedness then due and expenses incurred in the ownership, operation and maintenance of the Property in such order as Beneficiary may determine, prior to being applied to any indebtedness secured by the Subordinate Deed of Trust; and

    (d) written notice of default under the Subordinate Deed of Trust and written notice of the commencement of any action (whether judicial or pursuant to a power of sale) to foreclose or otherwise enforce the Subordinate Deed of Trust shall be given to Beneficiary with or immediately after the occurrence of any such default or commencement.

34. If any provision of this Deed of Trust is held to be illegal, invalid, or unenforceable under present or future laws effective while this Deed of Trust is in effect, the legality, validity and enforceability of the remaining provisions of this Deed of Trust shall not be affected thereby, and in lieu of each such illegal, invalid or unenforceable provision there shall be added automatically as a part of this Deed of Trust a provision that is legal, valid and enforceable and as similar in terms to such illegal, invalid, or unenforceable provision as may be possible. If any of the Indebtedness shall be unsecured, the unsecured portion of the Indebtedness shall be completely paid prior to the payment of the secured portion of such Indebtedness, and all payments made on account of the Indebtedness shall be considered to have been paid on and applied first to the complete payment of the unsecured portion of the Indebtedness.

35. If this Deed of Trust is or becomes subordinate to any other liens, security interests, assignments of leases or rents or any other encumbrances (collectively, the "**Prior Liens**") affecting any of the Property (all documents creating the Prior Liens and evidencing and governing the indebtedness secured thereby being

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

Exhibit C                                             23/29

RP-2018-362993

collectively called the "**Prior Lien Documents**") the provisions of this Paragraph shall apply. Grantor shall not enter into any renewal, extension, modification, increase or refinancing of any of the Prior Lien Documents or the indebtedness secured thereby without the prior written consent of Beneficiary. Grantor shall pay when due all indebtedness evidenced and secured by the Prior Lien Documents and shall timely perform all other obligations of the Grantor under the Prior Lien Documents. Beneficiary may, but shall not be obligated to, pay any such indebtedness or perform any such obligations for the account of Grantor and any sum so expended shall be secured hereby. Grantor shall pay to Beneficiary all amounts so expended by Beneficiary with interest on such amounts from the date expended at the rate set forth in the Note, but not in excess of the highest rate permitted by applicable law. Any default under any of the Prior Lien Documents shall constitute an Event of Default hereunder. If Beneficiary should cure any such default under any of the Prior Lien Documents, the curing thereof by Beneficiary shall not constitute a cure of the default under this Deed of Trust. Grantor shall send to Beneficiary a copy of each notice of default or notice of acceleration or other notice received by Grantor from the holder of any of the Prior Lien Documents within one (1) business day after receipt thereof by Grantor. Notwithstanding the foregoing, Beneficiary does not consent to any Prior Lien unless otherwise expressly permitted in this Deed of Trust.

36. Notwithstanding the provisions of Sections 51.003, 51.004, and 51.005 of the Texas Property Code (as the same may be amended from time to time), and to the extent permitted by law, Maker, Grantor and Guarantors agree that Lender shall be entitled to seek a deficiency judgment from Maker, Grantor and Guarantors and any other party obligated on the Note or any guarantor of the Note equal to the difference between the amount owing on the Note and the amount for which the Property was sold pursuant to a judicial or nonjudicial foreclosure sale. Maker, Grantor and Guarantors expressly recognize that this section constitutes a waiver of the above-cited provisions of the Texas Property Code which would otherwise permit Maker, Grantor and Guarantors and other persons against whom recovery of deficiencies is sought or guarantors independently (even absent the initiation of deficiency proceedings against them) to present competent evidence of the fair market value of the Property as of the date of foreclosure and offset the fair market value of the Property as of the date of foreclosure against any deficiency the amount by which the foreclosure sale price is determined to be less than such fair market value. Maker, Grantor and Guarantors further recognize and agree that this waiver creates an irrebuttable presumption that the foreclosure sale is equal to the fair market value of the Property for purposes of calculating deficiencies owed by Maker, Grantor and Guarantors, other obligors on the Note, and others against whom recovery of a deficiency is sought.

RP-2018-362993

SIGNATURES FOUND ON FOLLOWING PAGE(S)

G:\JDH\4213-291 BDFI, LLC\Final\DOT.doc

Exhibit C                                    24/29



GRANTOR(S)

**BDFI LLC**

By: _____

**Bradley S. Parker, Manager**

STATE OF TEXAS       §
                     §
COUNTY OF *Harris*   §

    This instrument was acknowledged before me on the *8th* day of *August*,
2018, by **Bradley S. Parker, Manager** of **BDFI LLC.**



Notary Public, State of Texas

> JUSTINE LINES
> Notary Public, State of Texas
> Comm. Expires 05-08-2022
> Notary ID 131559794

RP-2018-362993

-25-

**Exhibit C**

RP-2018-362993

**Exhibit "A"**

All that certain 3.1708 acres of land out of Lot 9, Roy B. Nichols Subdivision according to the plat thereof filed at Volume 321, Page 431 Harris County Deed Records being the same property described in a deed dated 09-17-2004 from CAPTAIN'S PORTFOLIO L.P. to RMC 2004 PORTFOLIO I, L.P., filed in the Official Public Records of Harris County, Texas at Clerk File No. X-927647, Film Code No. 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, and being more particularly described by metes and bounds as follows:

BEGINNING at a found 5/8" iron rod marking the southeast corner of the end of Emmet Lane (30' wide) also being the most southerly southwest corner of Briar Hollow, according to the plat thereof filed at Volume 32, Page 61 Harris County Map Records;

THENCE S 89° 56' OCT' E - 457.91 ', with the south line of said Briar Hollow, to a found 5/8" iron rod with cap for corner;

THENCE along the centerline meanders of Briar Hollow Gully the following ten (10) courses and distances:

S 04° 18' 21" W - 75.54' to a found 5/8" iron rod with cap for angle point;
S 70° 53' 35" W - 28.65' to a called and found 1-1/4" iron pipe for angle point;
S 51° 01' 16" W - 71.17' to a called and found 1-1/4" iron pipe for angle point;
S 12° 39' 40" E - 80.46' to a found 5/8" iron rod with cap for angle point;
S 24° 34' 52" W - 15.47' to a found 5/8" iron rod with cap for angle point;
S 59° 41' 53" W - 15.1 O' to a found 5/8" iron rod with cap for angle point;
S 84° 15' 45" W - 11.90' to a found 5/8" iron rod with cap for angle point
N 65° 48' 54" W - 29.20' to a called and found 1-1/4" iron pipe for angle point;
N 89° 36' 28" W - 53.02' to a found 5/8" iron rod with cap for angle point;
S 7 4° 28' 23" W - 77 .11' to a found 5/8" iron rod with cap for corner;

THENCE N 25° 50' 33" W - 77.33', with the south line of that certain 3.2309 acre tract as described in a Substitute Trustee's Deed dated 1-3-1989 from Mark D. Stout, Substitute Trustee to New England Mutual Life Insurance Company filed in the Official Public Records of Real Property of Harris County, Texas at Clerk File No. L-995411, Film Code No. 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, to a found 5/8" iron rod with cap for corner;

THENCE N 78° 28' 22" W - 97.76', continuing with the south line of said 3.2309 acre tract, to a found 5/8" iron rod for angle point;

THENCE N 89° 39' 54" W - 113.14', continuing with the south line of said 3.2309 acre tract, to a found 5/8" iron rod with cap for angle point;

THENCE N 89° 56' 00" W - 348.00', continuing with the south line of said 3.2309 acre tract, to a found 5/8" iron rod with cap for corner;

**Exhibit C**                    **26/29**

THENCE N 01° 21' 00" E -140.00', with the east right-of-way line of Briar Hollow Lane (60' wide), to a found 5/8" iron rod with cap for corner;

THENCE N 45° 42' 30" E - 14.30', with a cut-back corner for Emmet Lane, to a found 5/8" iron rod for corner;

THENCE S 89° 56' OCT' E - 374.89', with the south right-of-way line of said Emmet Lane, to the POINT OF BEGINNING and containing 3.1708 acres (138,119 square feet) of land, more or less.

RP-2018-362993

**Exhibit C**                    **27/29**

County Clerk Harris County, Texas

RP-2018-362993

RP-2018-362993
# Pages 28
08/09/2018 10:21 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
STAN STANART
COUNTY CLERK
Fees   $120.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

**Exhibit C**                    **28/29**



I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This May 19, 2023

*Teneshia Hudspeth*

Teneshia Hudspeth, County Clerk
Harris County, Texas

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.



**Exhibit C**                                                    **29/29**