5/6/2024 11:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 87408372
By: Joshua Herrington
Filed: 5/6/2024 11:56 AM

CAUSE NO. 2024-20417

| | | |
|---|---|---|
| BDFI LLC and GALLERIA WEST LOOP INVESTMENTS, LLC | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| VERITEX COMMUNITY BANK and GREEN BANK, N.A. | § § § | |
| Defendants. | § | 295th JUDICIAL DISTRICT |

**<u>PLAINTIFFS' EMERGENCY REQUEST FOR EQUITABLE RELIEF</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BDFI LLC and GALLERIA WEST LOOP INVESTMENTS, LLC, Plaintiffs in the above numbered and entitled cause, and files this their *Plaintiffs' Emergency Request for Equitable Relief* against Defendants VERITEX COMMUNITY BANK and GREEN BANK, N.A. (collectively, "Defendant") and all future designated Substitute Trustees, and would show unto the Court the following:

**I.**

**Background**

1. The facts herein are supported by the Declaration of Ali Choudhri which is attached as Exhibit "A" and herein incorporated by reference.

2. All facts in support of the current *Application* are contained in *Plaintiffs' Original Petition, Application for Temporary Restraining Order ("Plaintiffs Original Petition")* and its exhibits, which is attached as Exhibit "B," and herein incorporated by reference.

3. In brief, Defendant is seeking to foreclose on the Property described in *Plaintiffs' Original Petition*, alleging a default in a settlement agreement related to real property ("Property") and secured loans Defendant had made to the Plaintiffs, who contend that they are not in default

and Defendant does not have the right to foreclose. Plaintiffs are seeking declaratory judgment and a temporary and permanent injunction preventing the Defendant from foreclosing on the Property.

4. On April 1, 2024, Plaintiffs filed their *Plaintiffs' Original Petition* and sought a temporary restraining order with the ancillary court after providing notice of the temporary restraining order hearing to Defendant's counsel. At the hearing, the ancillary court orally granted the temporary restraining order and set the bond for $50,000.00. The ancillary court formally issued the temporary restraining order on April 2, 2024 and, after consultation with the trial court, set the temporary injunction hearing for April 15, 2024. *See* Ex. "C," which is hereby incorporated by reference. Plaintiffs subsequently made a cash deposit of $50,000.00 in lieu of the bond (*see* Ex. "D," which is hereby incorporated by reference) and the April 2, 2024 foreclosure sale was cancelled.

5. Plaintiffs' counsel was scheduled to be overseas from April 10, 2024 through April 25, 2024. The parties subsequently agreed to reset the temporary injunction hearing for April 29, 2024 and entered into an agreement to conduct expedited discovery in advance of the temporary hearing date. The parties exchanged written discovery and negotiated a deposition schedule.

6. Defendant then re-posted the Property for a foreclosure sale to take place on May 7, 2024, *after* the scheduled injunction hearing. *See* Ex. "E," which is hereby incorporated by reference."

7. On April 17, 2024, Defendant filed an "emergency" *Motion to Compel* discovery with the trial court, alleging that Plaintiffs had failed to properly answer discovery. The parties were amenable to holding the hearing via zoom on April 22, 2024, but the trial court does not hold remote hearings. Plaintiffs then proposed that the hearing be set for April 26, 2024, when Plaintiffs' counsel would be able to attend and before which the parties could seek to resolve any outstanding

discovery issues. The trial court then set the hearing for April 26, 2024. Defendant, however, protested and again claimed that the issue was an "emergency" that, apparently, could not wait four (4) additional days for Plaintiffs' counsel to return to the country.

8. The trial court then informed the parties that an in-person hearing on Defendant's *Motion to Compel* would now be held on April 22, 2024. Plaintiffs' counsel was unable to attend the hearing for the reasons set forth above, but Plaintiffs filed their *Consolidated Objection to Ex Parte Oral Hearing, Motion for Continuance of the Ex Parte Oral Hearing* and *Response to Emergency Motion to Compel* (the "*Response*") with the trial court in advance of the April 22, 2024 hearing. A copy of this *Response* is attached as Exhibit "F" and herein incorporated by reference. In this *Response*, Plaintiffs objected to the (essentially) *ex parte* hearing Defendant was seeking and requested that the trial court continue the hearing to any other date between April 25 and May 2, 2024, when Plaintiffs' counsel could attend. Plaintiffs' counsel also proposed that any alleged "harm" to the Defendant could be remedied if the temporary injunction hearing was reset to May 6, 2024, from April 29, 2024. This would give the parties adequate time to finish discovery and prepare for the injunction hearing, which would still take place before the May 7, 2024 foreclosure date.

9. The trial court passed the *Motion to Compel* at the April 22, 2024 hearing and, *de novo*, reset the temporary injunction hearing to May 13, 2024. *See* Ex. "G." Plaintiffs did not ask that the injunction hearing be moved to this date and were still prepared to go forward on April 29, 2024 or May 6, 2024. It is Plaintiffs' belief that the trial court took this action to allow the parties to resolve all discovery issues in advance of the temporary injunction hearing. Again, the only issue in the temporary injunction hearing is whether Defendant should be allowed to foreclose on the property before a trial on the merits.

10. Plaintiffs are prepared to go forward with the injunction hearing on May 13, 2024 as ordered by the trial court. Defendant, however, will not agree to cancel the current May 7, 2024 foreclosure sale, which is now set *before* the injunction hearing. The previous temporary restraining order has expired and will not prevent the May 7, 2024 sale. Plaintiffs contacted both the trial court and the ancillary court to determine which court should hear Plaintiffs motion related to the May 7, 2024 foreclosure date. The trial court informed the parties that any new temporary restraining order should be presented to the ancillary court. *See* Ex. "H." The ancillary court (on May 3, 2024) refused to grant another temporary restraining order to prevent the Defendant from foreclosing on May 7, 2024. **This means that the very action Plaintiffs seek to enjoin at the May 13, 2024 injunction hearing will have already taken place by the time the injunction hearing takes place.**

## II.
## Relief Requested

11. Plaintiffs reassert all previous paragraphs as if fully restated herein.

12. Plaintiffs seek emergency equitable relief from the Cour to prevent the Defendant or anyone acting on its behalf from seeking to sell, foreclose, or post for foreclosure, the Property at issue in this lawsuit until after the trial court holds its injunction hearing on May 13, 2024.

13. The trial court is aware that the Defendant has set the Property for a foreclosure sale on May 7, 2024. The trial court is also aware that the previous temporary restraining order has expired. In fact, Defendant's counsel referenced this fact at the hearing on the *Motion to Compel* and it is Plaintiffs' understanding that the trial court informed Defendant's counsel that this was not the Defendant's concern. Thus, Plaintiffs believe that the trial court expected the Plaintiffs to seek a new temporary restraining order in advance of the May 7, 2024 sale and the May 13, 2024

Exhibit G                                                                                                                4/10

injunction hearing. Plaintiffs do not believe, for a moment, that the trial court would reset the injunction hearing to a date after the foreclosure sale and after the expiration of the temporary restraining order as way to *de facto* extinguish Plaintiffs' right to prevent a foreclosure before the injunction hearing can take place.

14. As set forth above, the original ancillary court had already granted a temporary restraining order based on the facts asserted in the *Plaintiff's Original Petition. See* Ex. "C." None of those facts have changed and all issues will be resolved by the trial court on May 13, 2024. The second ancillary, court, however, based on either its belief (disagreeing with the original ancillary court) that the requirements of a temporary restraining order had not been met or that it would be an abuse of discretion to grant a second temporary restraining order (as Defendant argued), refused to issue a new temporary restraining order.

15. Plaintiffs, therefore, ask the Court to exercise its inherent equitable powers to prevent the Defendant from foreclosing on May 7, 2024 so that the Court can hold the formal evidentiary injunction hearing on May 13, 2024. Nothing prevents Defendant from posting for and foreclosing in June, in the event the Court denies the request for temporary injunction on May 13, 2024. "A trial court has power to act in equity." *Johnson v. Cherry*, 726 S.W.2d 4, 8 (Tex. 1987); *Ferguson v. DRG/Colony N, Ltd.,* 764 S.W.2d 874, 886 (Tex.App.– Austin 1989, writ denied). "The equitable power of the court exists to do fairness and is flexible and adaptable to particular exigencies, so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." *Johnson,* 726 S.W.2d at 8. In acting to prevent a gross wrong, *"*the equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies." *Ford Motor Co., v.*

*Castillo*, 279 S.W.3d 656, 665 (Tex. 2009)("Equitable rules by necessity are flexible and adaptable.").

16. The harm that will occur in the absence of a new temporary injunction is irreparable, immediate, and cannot be adequately compensated in damages. The property at issue and described in *Plaintiffs' Original Petition* is unique and is related to several other businesses that will be affected by its foreclosure. *See* Ex. "A," and Ex. "B."

17. Further, if a six (6) day temporary injunction is not issued, then the very subject matter of the May 13, 2024 evidentiary injunction hearing will be destroyed because the Property will be sold at foreclosure. This cannot have been the intention of the trial court when it reset the injunction from April 29, 2024 to May 13, 2024.

18. To preserve the status quo and Plaintiffs' rights during the pendency of this action and in advance of the formal temporary injunction hearing on May 13, 2024, Defendant should be temporarily enjoined from foreclosing on the Property on May 7, 2024, an action for which Plaintiffs have or will have no adequate remedy at law.

19. Plaintiffs seek a temporary restraining order to prevent the Defendant or anyone acting on its behalf to sell, foreclose, or post for foreclosure, the properties described in *Plaintiffs' Original Petition.*

20. Plaintiffs seek temporary injunctive relief pursuant to Tex. Civ. Prac. & Rem. Code § 65.001 *et seq.*, Texas common law, and the Texas Rules of Civil Procedure. Unless Defendant is temporarily restrained during the pendency of this litigation, Plaintiffs will suffer imminent and irreparable harm.

21. Plaintiffs are entitled to a temporary injunction and have established the three specific and necessary elements: (1) a cause of action against the Defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.

22. Absent a temporary injunction, there is no means for the status quo to be returned to Plaintiffs, which faces the loss of the Property at issue in the *Plaintiffs' Original Petition.*

23. The harm that will occur is irreparable if the temporary injunction order is not issued. Injury is irreparable if it cannot be adequately compensated in damages, if the damages cannot be measured by any certain pecuniary stand, or if Defendant is incapable of responding in damages. Further, the Plaintiffs will suffer economic loss to their businesses if the Property is foreclosed and the nature of the real property makes its loss not compensable by monetary damages.

24. Plaintiffs have already posted a significant bond in this matter in the amount of $50,000.00. No additional bond should be required. If, however, the Court believes an additional bond amount is necessary to support the new temporary restraining order, then Plaintiffs request a *de minimus* bond of no more than $100.00.

**Prayer**

For the reasons stated above, the Plaintiffs, respectfully ask that the Court do the following:

a. Issue a temporary injunction preventing the Defendant or anyone acting on their behalf from selling, seeking to foreclose on the Property at issue in *Plaintiffs' Original Petition* until the Court holds its May 13, 2024 injunction hearing;

b. Award the Plaintiffs all further relief, both legal and equitable, to which they may show themselves to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: /s/ *Kevin M. Madden*

Kevin M. Madden
State Bar No. 24041376
16310 State Highway 249, Unit 1304
Houston, Texas 77064
281-888-9681 Telephone
832-538-0937 Facsimile
E-mail: kmm@kmaddenlaw.com
**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel according to the TRCP on this the 6th day of May 2024:

Brian Clark                                                                              Via E-filing Texas
KRCL, PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel. 214-777-4253
Email: bclark@krcl.com
*ATTORNEY FOR DEFENDANTS*

/s/ *Kevin M. Madden*
Kevin M. Madden

8

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kevin Madden
Bar No. 24041376
kmm@kmaddenlaw.com
Envelope ID: 87408372
Filing Code Description: No Fee Documents
Filing Description: Plaintiffs' Emergency Request for Equitable Relief
Status as of 5/6/2024 12:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kevin M.Madden | | kmm@kmaddenlaw.com | 5/6/2024 11:56:43 AM | SENT |
| Connie Nims | | cnims@krcl.com | 5/6/2024 11:56:43 AM | SENT |
| Jamie R.Wilson | | jwilson@krcl.com | 5/6/2024 11:56:43 AM | SENT |
| Brian W.Clark | | bclark@krcl.com | 5/6/2024 11:56:43 AM | SENT |
| Brian W.Clark | | bclark@krcl.com | 5/6/2024 11:56:43 AM | SENT |
| Jamie Wilson | | JWilson@krcl.com | 5/6/2024 11:56:43 AM | SENT |
| Lynda Bryan | | LBryan@krcl.com | 5/6/2024 11:56:43 AM | SENT |

**FILED**
Marilyn Burgess
District Clerk

MAY 06 2024

Time: 2:26pm
Harris County, Texas
By: JH
Deputy

P.1

CAUSE NO. 2024-20417 ENTY

## ORDER

On this date, the Court considered Plaintiffs' Emergency Request for Equitable Relief. After considering the motion, the response, and the arguments of counsel, the Court DENIES the motion and all relief requested.

_____
Judge Presiding

Date: May 6, 2024

MAY 06 2024

Approved as to form:

_____
Counsel for Plaintiff

_____
Counsel for Defendants

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Exhibit G**                                          **10/10**