IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **GALLERIA WEST LOOP INVESTMENTS,** | § | **CASE NO. 24-32143** |
| **LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

### TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

To the Honorable Marvin Isgur,
United States Bankruptcy Judge:

COMES NOW Ronald J. Sommers, Chapter 7 Trustee (the "Trustee") of the above-referenced

bankruptcy case and would show as follows:

### A. Summary of the Basis for Necessity of Counsel

| | |
|---|---|
| **Name of Trustee:** | Ronald J. Sommers ("Trustee" or "Applicant") |
| **Name of Professional to be Employed:** | Ross, Banks, May, Cron & Cavin, P.C., with Mr. Marc Douglas Myers ("Mr. Myers") as attorney-in-charge. |
| **Reason that Employment of Professional is Needed:** | To assist the Trustee in: (a) prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code and/or recovering property of the estate from the Debtor or third parties; (b) reviewing and objecting to claims identified by the Trustee as problematic; and (c) addressing unanticipated legal issues which may arise during administration of the estate. |
| **Compensation Arrangement:** | The Trustee proposes to pay general counsel on a time and cost basis. The services to be provided to the Trustee will be performed by Mr. Myers. Mr. Myers, after negotiation with the Trustee, proposed |

| | |
|---|---|
| | a rate of $385.00 per hour, subject to notice of proposed increases. |
| **Reason the Trustee selected the Professional**: | Ross Banks and Mr. Myers have extensive, recent and successful experience representing Chapter 7 trustees on all matters on which the Trustee requires assistance. |
| **Why Employment Is in the Best Interest Of the Estate (If Trustee's Own Firm)**: | n/a |

### B. Jurisdiction, Venue, and Constitutional Authority

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and arises in, and/or under, Title 11.

2.        Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3.        This Court has constitutional authority to enter a final order regarding this matter.  Court approval of the employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 131 S.Ct. 2594 (2011)).  In the alternative, the employment of professional persons by a bankruptcy estate is an essential bankruptcy matter which triggers the public rights exception. *See Id.*

### C. Procedural and Factual Background

4.        On May 6, 2024, a Chapter 11 involuntary petition was filed concerning Galleria West Loop Investments, LLC (the "Debtor").  On June 26, 2024, an Order for Relief and Converting Case to Chapter 7 Case was entered. See Docket Number 79 (the "Relief Order").  On June 27, 2024, the Trustee was appointed interim Trustee. See Docket Number 81.  The § 341 meeting of creditors is set for August 7, 2024.  Several parties-in-interest/insiders have objected to the Trustee's appointment, which is/are pending.

### D. Application to Employ Ross, Banks, May, Cron & Cavin, P.C. as General Counsel

5.        <u>Facts Showing the Necessity for the Employment and Scope of Services</u>:  On the date of entry of the Relief Order, the Debtor had an account at JPMorgan Chase Bank which, according to the Schedules filed by the Debtor at Docket Number 83, had $33,634.59 on deposit.  The Trustee has demanded

turnover of these funds and may require assistance of counsel in recovering the same in the event that such funds are not turned over.  Furthermore, the Trustee has received bank records of the Debtor for March, April and May 2024 which indicate transfers of more than $70,000 to potential insiders, among others, for which the Trustee requires assistance of counsel to review and, if appropriate, seek recovery.  Moreover, to the extent that assets are recovered, the Trustee may require assistance of counsel to prosecute non-routine objections to proofs of claim.  Lastly, the Trustee may require assistance of counsel in resolving unanticipated legal issues which may arise during the course of administration.

6.      Name of the Person to be Employed:  Mr. Marc Douglas Myers will be designated as attorney-in-charge and is in good standing and licensed to practice before this Court.

7.      Reasons for Selecting Ross Banks and Qualifications of Counsel:  Applicant selected Ross Banks and Mr. Myers to represent Applicant because of proposed counsel's considerable, recent and successful experience representing other Chapter 7 trustees on all matters on which she requires assistance. Further, Ross Banks has competitive billing rates compared to other attorneys and firms of similar experience.  For these reasons, Applicant believes that Ross Banks is well qualified to represent Applicant in this case and employment thereof is necessary and in the best interests of Applicant and the Chapter 7 estate.

8.      The Professional Services to be Rendered:  At this time, the Trustee contemplates the need for assistance with:

- Prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code and/or recovering property of the estate from the Debtor or third parties;

- Reviewing and objecting to claims identified by the Trustee as problematic; and

- Addressing unanticipated legal issues which may arise during administration of the estate.

9.      Proposed Fee Arrangement:  Applicant proposes that counsel be paid on an hourly basis, with time being kept in 1/10th of an hour increments. Mr. Myers, after negotiation with the Trustee, has offered an hourly rate of $385.  Paralegal time is charged at $95 per hour.  Expenses will be recouped at their costs. Costs and expenses shall be paid separately from attorney's fees.  All payments to counsel will

be for the benefit of the estate and will be requested to be paid by the estate. All fees and expenses will be subject to approval by this Honorable Court. All work performed by proposed general counsel will be legal work only. This hourly rate is subject to periodic increases but only after notice of the proposed rate increase to, and opportunity to object by, parties-in-interest.

10.       Pursuant to Federal Rule of Bankruptcy Procedure 2014, Applicant is required to disclose the following with regard to connections between the proposed attorneys and certain parties. The rule states in part:

> The application shall state . . . to the best of the applicant's knowledge, disclose all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11.       To the best of Applicant's knowledge, after diligent inquiry, Ross Banks and the attorneys affiliated therewith have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the US Trustee, or any person employed in the office of the US Trustee, except as follows:

- Ross Banks and Mr. Myers currently represent, and has previously represented, Applicant, as well as other Chapter 7 panel trustees in the Southern District of Texas, as general or special counsel in other unrelated pending and prior Chapter 7 cases; and

- Ross Banks has an attorney-client relationship with Veritex Community Bank ("Veritex") which has an ongoing legal dispute with the Debtor; however, neither Ross Banks nor Mr. Myers will provide any legal services with regard to any matters pertaining to Veritex. Moreover, the Trustee has/will shortly seek Court authorization to employ the services of a separate law firm to assist him as special litigation counsel regarding any legal matters pertaining to Veritex.

12.       Subject to the foregoing disclosures, the Trustee submits that neither Mr. Myers, Ross Banks, nor any shareholder, attorneys or employees thereof hold an "interest adverse" to the estate, as Ross Banks does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. See e.g. *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bkrtcy.S.D.Tex. 1994). Applicant further submits that Ross Banks is a "disinterested person" in that no shareholder, associate, employee or representative of Ross Banks: (a) is a creditor, equity security holder or an insider; (b) has ever been a director, officer, or employee of the Debtor in this

bankruptcy proceeding; and (c) has an interest materially adverse to the interest of the estate or of any class

of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with,

or interest in, the Debtor(s) in this bankruptcy case, or for any other reason.  See 11 U.S.C. §101(14).  An

affidavit attesting to the foregoing is attached as **Exhibit A** and incorporated herein.

WHEREFORE, Applicant prays that this Court authorize the Applicant's employment of Ross

Banks on the hourly rates set forth for the attorneys/paralegals who will work on this matter, plus expenses,

to represent the Applicant as general counsel and such other and further relief as is just and equitable.

Respectfully submitted,

By: _____
Ronald J. Sommers
State Bar No. 18842500
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-6131
(713) 892-4801
**Chapter 7 Trustee**

*/s/ Marc Douglas Myers*
_____
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on  08/06/2024 , a true and correct copy of the foregoing was sent via regular
US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee, and the US Trustee
unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*
_____
Marc Douglas Myers

Galleria West Loop Investments, LLC
1001 W. Loop South

Houston, Texas 77027

Azhar Mahmood Chaudhary
440 Louisiana, Ste. 900
Houston, Texas 77002

Ronald J. Sommers
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-6131

US Trustee
Attn:  Jana Smith Whitworth
515 Rusk, Ste. 3516
Houston, Texas 77002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **GALLERIA WEST LOOP INVESTMENTS,** | § | **CASE NO. 24-32143** |
| **LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

**UNSWORN DECLARATION UNDER 28 U.S.C. § 1746**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| **COUNTY OF HARRIS** | § |

I, Marc Douglas Myers, individually and as a representative of Ross, Banks, May, Cron & Cavin, P.C. (collectively the "Firm"), as evidenced by my signature below, do hereby declare under penalty of perjury under the laws of the United States of America that the following is true:

"The Firm represents no interest adverse to either the above referenced bankruptcy estate or the chapter 7 trustee thereof ("Trustee"). The Firm and its attorneys, have no connections with the debtor, any creditors, or any other party in interest or their respective attorneys or accountants, the US Trustee, or any person employed in the office of the US Trustee, except as otherwise disclosed herein. The following connections are disclosed:

- Ross Banks and Mr. Myers currently represent, and has previously represented, Applicant, as well as other Chapter 7 panel trustees in the Southern District of Texas, as general or special counsel in other unrelated pending and prior Chapter 7 cases; and

- Ross Banks has an attorney-client relationship with Veritex Community Bank ("Veritex") which has an ongoing legal dispute with the Debtor; however, neither Ross Banks nor Mr. Myers will provide any legal services with regard to any matters pertaining to Veritex. Moreover, the Trustee has/will shortly seek Court authorization to employ the services of a separate law firm to assist him as special litigation counsel regarding any legal matters pertaining to Veritex.

The Firm has not agreed to share its compensation with any other party. The undersigned submits that the Firm is a "disinterested person" within the meaning of 11 U.S.C. §101(14) and that employment of the Firm is in the best interests of the Estate. All partners, associates and of counsel of the Firm who will devote time to this matter are duly admitted to practice in this Court and/or the Court(s) in which legal services will be provided."

Dated:   August 6, 2024

*/s/ Marc Douglas Myers*

_____

Marc Douglas Myers